## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **TONYA THORNTON, ET  AL** | § | |
| | § | |
| **V.** | § | **A-04-CA-1039 AWA** |
| | § | |
| **HOME DEPOT U.S.A., INC.** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **THIRD-PARTY DEFENDANT CATALINA** | § | |
| **LIGHTING, INC.** | § | |

## ORDER

Before the Court are Defendant's Motion for Partial Summary Judgment filed on January 27, 2006 (Clerk's Doc. No. 35), Plaintiffs' Response (Clerk's Docket No. 64) filed on February 8, 2006, and Defendant's Reply (Clerk's Docket No. 69) filed on February 15, 2006.  The Court conducted a hearing on the Motion for Partial Summary Judgment on May 24, 2006.

### I.  General Background

On November 12, 2002, Plaintiffs Tonya and Michael Thornton's two-and-a-half year old twin daughters (Syndee and Sierra Thornton) were tragically killed in a fire at the Thornton's residence in Round Rock, Texas.  Apparently, the fire began in the girls' bedroom after a halogen floor lamp fell over and ignited other materials in the bedroom.  On March 9, 2003, Plaintiffs Tonya and Michael Thornton and Megan Williams and Morgan Thornton (the deceased girls' sisters) filed this negligence and product liability lawsuit in state court against Home Depot U.S.A., Inc., where the Torchiere halogen floor lamp was purchased, Legett & Platt, Inc., the manufacturer of the mattress cover on the bed, and Wal-Mart Stores, Texas, where Plaintiffs purchased the mattress cover.  Plaintiffs alleged various negligence, gross negligence, strict liability, breach of warranty, and bystander claims against the Defendants.

After this case was removed to federal court on December 10, 2004, Plaintiffs agreed to settle their claims with Defendants Wal-Mart and Leggett & Platt, and those parties were officially released from the case on April 4, 2006. After the remaining parties agreed to consent to the jurisdiction of the Magistrate Judge, the District Court reassigned this case to the instant Magistrate Court. See Clerk's Docket No. 89. After Home Depot conducted some limited discovery in this case, the Court permitted Home Depot to file third-party claims against Catalina Lighting, Inc., the alleged manufacturer of the lamp. On June 9, 2006, Third-Party Defendant Catalina Lighting, Inc., filed its consent to the jurisdiction of the Magistrate Judge.

## II.  Issue Presented

Home Depot has now filed the instant Motion for Partial Summary Judgment arguing that Plaintiffs Morgan Thornton and Megan Williams' bystander claims are precluded under Texas law.

## III.  Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the burden of showing that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue of material fact is presented, and summary judgment is inappropriate. Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Products, Inc.,* 44 F.3d 308, 312 (5th Cir. 1995). Rather, the nonmoving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997). The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986)). Applying these standards, the Court turns to the merits of the motion for summary judgment.

### IV.  Analysis

Home Depot moves the Court to dismiss Plaintiffs' bystander claims on behalf of Morgan Thornton (the decedent twins' sister) and Megan Williams (the decedent twins' half-sister) arguing that they did not "contemporaneously observe" the fire as is required under Texas law.

**A.    Texas Bystander Law**

In order to recover on a bystander claim in Texas, a plaintiff is required to establish that:

(1)     The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;

(2)     The plaintiff suffered shock as a result of a direct emotional impact upon the plaintiff from *a sensory and contemporaneous observance of the accident*, as contrasted with learning of the accident from others after its occurrence; and

(3)     The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*United Services Auto. Ass'n v. Keith*, 970 S.W.2d 540, 542 (Tex. 1998) (citing *Freeman v. City of Pasadena*, 744 S.W.2d 923-24 (Tex. 1988)).[1]  Although these elements are flexible and should be applied on a case-by-case basis, when the material facts are undisputed, as in this case, whether the plaintiff is entitled to recover as a bystander is a question of law. *Keith*, 970 S.W.2d at 542.

In *Freeman*, 744 S.W.2d 923, the Texas Supreme Court discussed the contemporaneous observation requirement, at issue in the instant case.  The plaintiff in *Freeman* had sued the City of Pasadena for mental anguish damages he allegedly suffered because of an automobile accident involving two of his stepsons.  The plaintiff was at home when the accident occurred.  An unidentified person rang the front doorbell and informed him of the accident, at which point the plaintiff rushed to the scene where he observed the wrecked automobile and saw one of his stepsons covered with blood and lying on a stretcher.  Based on "the undisputed facts," the Court concluded that the plaintiff "did not contemporaneously perceive the accident," and therefore, dismissed the bystander cause of action.  *Id.* at 923-24.

Similarly, in *Keith,* 970 S.W.2d 540, the Texas Supreme Court once again held that the plaintiff was not entitled to recover as a bystander to a car accident in which her daughter was fatally injured.  Even though the plaintiff had arrived at the accident scene immediately after the accident and observed the car still smoking, the tail light blinking and rescue operations underway, as well

---

[1]In *Freeman*, Texas adopted the elements for bystander claim identified by the California Supreme Court in *Dillon v. Legg*, 441 P.2d 912 (Cal. 1968). *Freeman,* 744 S.W.2d at 923-24.

as hearing her daughter inside the wreckage making "scary noises and crying out," the court denied

the bystander claim. *Id.* at 541. The Court emphasized that the plaintiff did not "see or hear" the

crash and that the emotional impact she suffered did not result from a "sensory and contemporaneous

observance of the accident." *Id.* at 542. Rather, the plaintiff merely experienced the immediate

aftermath of the accident. *Id.* The Court reasoned: "Although we have not insisted that a bystander

must be within a "zone of danger" to recover, Texas law still requires the bystander's presence when

the injury occurred and the contemporaneous perception of the accident." *Id.* Where a plaintiff does

not meet these requirements, even where the observance of the effects of the injury creates an

emotional impact, "[she] is in the same position as any other close relative who sees and experiences

the immediate aftermath of a serious injury to a loved one" – recovery is not available. *Id.* That a

parent arrives on the scene and witnesses a child's "pain and suffering at the site of the accident

rather than at the hospital or some other location does not affect the analysis." *Id.*

**B.      Did the Plaintiffs "contemporaneously observe" the accident in this case?**

The facts surrounding Morgan Thornton and Megan Williams' bystanders claims are

undisputed. The evidence shows that the fatal fire started somewhere between 2:30 and 2:39 p.m.

at the Thornton's residence. The deceased twins' sister, Morgan Thornton ("Morgan"), who was

nine years-old at the time, was at school when the fire started. Unaware of the fire, Morgan boarded

her school bus at approximately 2:45 p.m, when the school day ended. On the bus ride home,

Morgan observed a fire in the vicinity of her home. Approximately three minutes after observing

the fire, Morgan was dropped off at the end of her street and she immediately ran toward her house.

As she approached her house – which was still in flames –  a police officer escorted her over to her

father, Michael Thornton, who was crying and observing the fire in front of their house. Michael

Thornton then broke the news to Morgan that he was unable to rescue her twin sisters from the house.

Megan Williams ("Megan"), the decedents' half-sister, who was 16 years-old at the time of the accident, was also at school when the fire began.  During her last class period, Megan was called to the principal's office and was told that her father had requested that she return home immediately due to an emergency.  Megan was not informed at that time what the nature of the emergency was but was merely told to return home immediately.  Thus, Megan gathered up her belongings and got in her car and began to drive home.  Approximately half way to her house, Megan's car was stopped by a police officer in order to allow her mother– who was a passenger in the officer's vehicle – to inform Megan of the accident.  Megan was then taken directly to the police station. Thus, Megan never personally observed the fire.

Based upon the undisputed facts, Texas law clearly forecloses Megan Williams' bystander claim since Megan never observed the fire and therefore could not have "contemporaneously observed" the fire. *Freeman*, 744 S.W.2d at 923-24. However, Morgan's claim is a bit more complicated.

Home Depot argues that Morgan's claim should be dismissed because she did not have a "sensory and contemporaneous observance" of the actual accident, "*i.e.*, the alleged tipping over of a halogen torchiere lamp, that resulted in the fire at issue in this lawsuit." Reply at 2.  Home Depot emphasizes that the fire started when Morgan was at school and she thus only observed the immediate aftermath of the accident.  In support of this argument, Home Depot relies heavily on the Texas Supreme Court cases of *Keith*, 970 S.W.2d 540 and *Freeman*, 744 S.W.2d 923, discussed above.

The instant case can be distinguished from *Freeman* and *Keith* because the injury-producing event in this case was a house fire, not an instantaneous car accident as was the case in *Freeman* and *Keith*. In this case, Morgan's house was still on fire when Morgan arrived at her house. Courts have specifically found that in bystander fire cases, the bystander must only observe the fire – the actual injury-producing event – and not the *cause* of the fire in order to recover. For example, in *In re Air Crash Disaster Near Cerritos, California*, 967 F.2d 1421 (9th Cir. 1992), the Ninth Circuit, applying California law,[2] held that a widow was entitled to an award of damages for negligent infliction of emotional distress as a result of watching helplessly as flames engulfed her home and killed her family, despite the fact that she did not see the actual plane crash which caused the fire. The plaintiff had left her house for a few minutes to go to the grocery store, leaving her husband and three children at home. A few minutes after leaving the house, an airliner crashed into her home causing an explosive fire. Although she did not witness the plane crash into her home, she returned to her house a few minutes later and observed the house consumed in flames. The Ninth Circuit noted that the facts of the case did not match the facts in many bystander cases (such as car accident cases) since the injury-producing event – the fire - was not instantaneous. The Ninth Circuit found that the plaintiff was at the scene of the injury-producing event since she witnessed the fire consuming her home and she was aware that her family was still in the house. The court noted "[Plaintiff's] emotional distress did not stem merely from the knowledge that her husband and children had died. [Plaintiff] understandably experienced great emotional distress as a result of watching helplessly as flames engulfed her home and burned her family to death." *Id.* at 1425.

---

[2]Again, the Court notes that the Texas Supreme Court has adopted California's 3-part test for bystander claims.

Similarly, in *Stump v. Ashland, Inc.*, 499 S.E.2d 41 ( W.Va.1997), the Supreme Court of

Appeals of West Virginia held that plaintiffs, who were relatives of homeowners who had been

killed in a fire, could pursue their negligence bystander claims even though they had only observed

the fire and not the actually cause of the fire, *i.e.*, the tanker truck crashing into the house.  The court

found that the plaintiffs were present at the scene of the injury-producing event because "here the

injury-producing event was the fire." *Id.* at 49.  "[T]he plaintiff's presence during the preceding

negligent act that caused the fire is not necessary.  It is sufficient that the plaintiff is present at the

fire because it is actually the fire that is the injury-producing event." *Id.* at 50.  The court reasoned

that

> in a negligent infliction of emotional distress action in which fire causes serious
> injury or death to the victim, in order for the plaintiff to meet the sensory observation
> requirement . . . it is not necessary that the plaintiff actually witness the injury being
> inflicted to the victim by the fire, provided the plaintiff is at the scene of the fire and
> is sensorially aware, in some important way, of the fire and the necessarily inflicted
> injury to the victim.

*Id.* at 49.  Finally, the court added that in cases involving fires, the flames are likely to hide the

victims from the view of those present at the scene and that to "disallow recovery to plaintiffs in such

cases merely because they did not actually view the injury being inflicted on the bodies of the victims

defies reason and common sense." *Id.*  *See also, Ortiz v. John D. Pittenger Builder, Inc.*, 889 A.2d

1135, 1141-42 (N.J. Super. Ct. Law Div. 2004) (permitting bystander recovery where plaintiffs had

observed the fire which caused the death even though they did not actually see the child being burned

by the fire). *But See*, *Andrade v. Chojnacki*, 65 F. Supp.2d 431, 465 (W.D. Tex. 1999) (holding that

surviving family members of Branch Davidians, who had witnessed the burning of the Carmel

Compound *on television* could not recover on their bystander claims since they were not present at the time of the fire and thus did not "contemporaneously witness" the accident).[3]

Like the facts presented in the above-caselaw, Plaintiff Morgan Thornton was at the scene of the injury-producing event in this case since she witnessed the fire consuming her home and she was aware that her sisters were inside the house.  Accordingly, the Court finds that Morgan Thornton had a sensory and contemporaneous observance of the accident in this case and is therefore entitled to pursue her bystander claim under Texas law.

### V.  Conclusion

Based upon the foregoing, Defendant's Motion for Partial Summary Judgment (Clerk's Doc. No. 35) is GRANTED IN PART and DENIED IN PART.  The Court GRANTS the Motion as to Plaintiff Megan Williams' bystander claim, but DENIES the Motion as to Plaintiff Morgan Thornton's bystander claim.

SIGNED this 17th day of July, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[3]This case can easily be distinguished from the instant case since the plaintiffs in *Andrade* were not at the scene of the fire but merely watched it on television and they did not know who was in the compound at the time.